**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**JOSEPH J. JULICHER AND AMY JULICHER,**

                        **Plaintiffs,**

          **-v-**                                **06-CV-0707S(Sr)**

**TOWN OF TONAWANDA, et al.,**

                        **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters, including hearing and disposition of all non-dispositive motions.  Dkt. #20.

Currently before the Court is defendants' second motion to compel responses to defendants' first set of interrogatories and first request for production of documents and defendants' motion for costs and attorneys fees associated with this motion.  Dkt. #26.  For the following reasons, defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs commenced this action in the New York State Supreme Court, County of Erie, seeking damages for, _inter alia_, the violation of plaintiff Joseph J. Julicher's constitutional rights pursuant to 42 U.S.C. § 1983, defamation, malicious

prosecution and retaliation for plaintiff Joseph J. Julicher's exercise of his First Amendment right to free speech.  Dkt. #1.  Specifically, Joseph J. Julicher alleges that he was falsely charged with departmental rules infractions; falsely arrested and charged with harassment in the second degree on October 5, 2005; that he and his wife were falsely accused of child endangerment and reported to the Child Protective Services by defendants; and that he was improperly discharged from his employment with the Town of Tonawanda Police Department on October 28, 2005, all in retaliation for complaining about his supervisor's past practice of racial discrimination toward African-Americans. Dkt. #1.  The case was removed to this court on October 24, 2006.  Dkt. #1.

By Notice of Motion filed July 9, 2007, defendants' moved to compel responses to their first set of interrogatories and first request for production of documents.  Dkt. #6.  In his affirmation, defense counsel noted that although he served the discovery demands on March 19, 2007 and wrote letters to opposing counsel seeking responses on May 1, 2007 and June 1, 2007, no response had been received as of July 9, 2007.  Dkt. #6.

On August 17, 2007, plaintiffs' counsel responded to the motion to compel by affirming that they filed their response to defendants' discovery requests on August 9, 2007.  Dkt. #8, ¶ 3.  Defense counsel filed a reply memorandum of law setting forth deficiencies in plaintiffs' responses.  Dkt. #12.  However, the district court dismissed the motion without prejudice and encouraged  the parties to resolve their dispute regarding the adequacy of plaintiffs' responses without further judicial intervention.  Dkt. #19.

By letter dated December 12, 2007, defense counsel asked plaintiffs' counsel to advise by December 18, 2007 whether plaintiffs would be willing to supplement their discovery responses to address defendants' objections.  Dkt. #23, pp.42-43.  Defendants' second motion to compel was filed on February 7, 2008.  Dkt. #23.

On February 29, 2008, plaintiffs supplemented their discovery responses. Dkt. #29, ¶ 3.  However, defendants continue to object to the adequacy of a number of plaintiffs' discovery responses.  Dkt. #31.  Defendants argue that plaintiffs have waived any objections by their untimely responses to the discovery demands and seek attorney's fees for the costs of moving the court to compel plaintiffs' response to these discovery demands.  Dkt. #31.

## DISCUSSION AND ANALYSIS

<u>Waiver of Objections</u>

As an initial matter, defendants argue that plaintiff's untimely response to defendants' discovery demands resulted in a waiver of objections to defendants' discovery demands.  Dkt. #31, p.2.

"The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver."  *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, 2003 WL 22455224, at *1 (S.D.N.Y. 2003) (collecting

cases).   However, it is equally "well settled that the protections and sanctions found in the discovery rules are not absolute and contemplate use of judicial discretion." *Davis v. City of New York,* 1988 WL 42189, at *2 (S.D.N.Y. 1988).  In the exercise of this discretion, the Court will consider plaintiff's objections to defendants' discovery demands and will not deem such objections waived despite the untimeliness of plaintiff's responses.

Interrogatory No. 3

Interrogatory No. 3 seeks information regarding Amy Julicher's employment history since 2000.  Defendants argue that this information is relevant to her claim of loss of consortium as well as to her husband's claim for emotional distress associated with loss of income.  Dkt. #23, p.7.  Plaintiffs argue that because Ms. Julicher is only claiming loss of consortium, her employment and salary history is not relevant.  Dkt. #29, ¶ 14.  Even accepting her limitation of the complaint to a claim for loss of consortium, Amy Julicher's employment history is relevant to determining the value of the loss of Joseph Julicher's employment to Amy Julicher.  Accordingly, plaintiffs shall respond to this interrogatory.  However, the Court will limit the time frame of this request to 2003, *to wit*, two years prior to Joseph Julicher's termination, through the present.

Interrogatory No. 4

Interrogatory No. 4 asks plaintiffs to "identify each element of damages, state the amount sought for each element, and describe in detail how each element of

damages was calculated."   In response, plaintiffs stated that they seek Joseph

Julicher's lost wages, employment benefits and retirement benefits; compensatory

damages for emotional distress and pain and suffering sustained by both plaintiffs;

punitive damages against the individual defendants; and attorneys' fees.  Dkt. #29,

pp.4-5.  Plaintiffs supplemented their response as follows:

> Plaintiffs' damages currently constitute an unliquidated sum
> that is continually growing and which is comprised of a loss
> of teaching and professional opportunities, compensatory
> damages for mental anguish and emotional distress,
> prejudgment interest, an award of reasonable attorneys
> fees, reinstatement and/or front pay.
>
> Prejudgment interest depends on the jury's verdict and
> cannot be meaningfully estimated at this time.
> Compensatory damages for mental anguish and emotional
> distress is a wholly unliquidated sum determined by the jury
> after trial.
>
> Plaintiff Joseph Julicher is likewise eligible to be awarded
> punitive damages subject to the pertinent statutory cap.
> Attorneys' fees and costs are another unliquidated damages
> item that will increase as this matter continues to be litigated
> and which will be awarded on post-verdict motion as a
> function of a reasonable hourly rate times a reasonable
> number of hours incurred.  Accordingly, estimated [sic] the
> amount of attorneys' fees plaintiffs may recover is premature
> at this time, although plaintiffs note that as of the present
> date the total value of attorneys' time devoted to this matter
> assuming a billing rate of $200.00 per hour does not yet
> exceed $20,000.00.
>
> Plaintiffs do not possess all the information required to
> compute their damages with complete or even near
> complete precision.  Therefore, plaintiffs reserve the right to
> supplement this response at a later time.

Dkt. #29, ¶ 17.  Plaintiffs argue that they should not be required to know or attribute a

specific dollar amount or value to their damages claims, particularly with respect to

damages which will be determined by a jury.  Dkt. #29, ¶ 18.  Defendants argue that they are entitled to "a reasonable calculation which sheds some light on the actual damages Plaintiffs are alleging they have suffered up to this point."  Dkt. #31, p.4.

At this point in the litigation, *to wit*, two years after the commencement of this action and nearly three years after Joseph Julicher's discharge from employment, plaintiffs should be able to provide defendants with far more specificity as to their calculation of damages.  While the Court agrees that they should not be required to prognosticate a jury's verdict, they should be able to set forth, for example, a calculation of lost wages and benefits and a synopsis of medical or psychological treatment sought and/or legal expenses incurred in challenging the harassment or child endangerment charges as evidence supporting their claim for emotional damages and suggesting the duration of such damages.  Accordingly, plaintiffs shall supplement their response to this interrogatory.

Interrogatory No. 5.

Interrogatory No. 5. seeks information about prior lawsuits or administrative claims.  While Joseph Julicher supplemented his response to this request, defendants argue that it remains unclear whether Amy Julicher is relying upon objections or has no lawsuits or administrative claims to report.  As a result of this ambiguity, plaintiffs shall supplement their response to this interrogatory with respect to Amy Julicher.

Interrogatory Nos. 6 & 7; Document Request Nos. 6, 7 & 10

Interrogatory Nos. 6 & 7 seek health care information relating to plaintiffs since 1990, including, but not limited to information from any health care provider who diagnosed or treated plaintiffs with respect to any condition allegedly caused by defendants' conduct.  The document requests seek medical records and medical authorizations with respect to any such treatment.

Plaintiffs' supplemental response to these requests identified a number of plaintiffs' health care providers, but objected to disclosure of mental health information. Dkt. #29, ¶ 27.  Plaintiffs stated that

> due to the IME conducted in tangent litigation, together with the substantial medical records received by Defendants in conjunction with same, no further response is required. Alternatively, Plaintiffs respond that an *in-camera* inspection by the Judge would be more appropriate than full disclosure of the requested information, as the contents of the requested information is of a highly sensitive nature and poses a risk of humiliating and embarrassing the Plaintiffs.

Dkt. #29, ¶ 27.  In response to the second motion to compel, counsel asserts that

> 28.   The Plaintiffs have, in fact, provided substantial medical records to the Defendants.  Moreover, the Defendants are in possession of a lengthy and comprehensive IME report regarding Mr. Julicher.
>
> 29.   To the extent that this Court is inclined to compel the production of any further medical records, Plaintiffs respectfully ask this Court to first review same on an *in camera* basis and determine which specific records must be disclosed.
>
> 30.   Mr. Julicher, in particular, has dealt with sensitive issues in the past and which would be discussed in such medical records.  While it is believed that Defendants are

already generally aware of aforementioned sensitive issues, they are certainly not entitled to carte blanche access to same.

Dkt. #29.

Defendants argue that they are entitled to review medical records documenting the extent and cause of any mental anguish, emotional distress and loss of consortium sustained by plaintiffs.  Dkt. #31, p.6.  Defendants note their willingness to execute a confidentiality agreement with respect to such records.  Dkt. #31, p.6.

As this Court has previously held, where plaintiffs claim damages for emotional distress or other psychological injuries,

> defendants have "a clear right to make a searching inquiry into plaintiff's past for the purpose, among others, of showing that her emotional and physical distress was caused, at least in part, if not in whole, by events and circumstances that were in no way 'job related.'"  *Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296, 298 (E.D. Pa. 1983); *see Potter v. West Side Transportation, Inc.,* 188 F.R.D. 362, 364 (D. Nev. 1999) ("To determine the extent of emotional injury from the accident, it is necessary to determine what their emotional health was before the accident, what it is now, and whether the accident or some other incident or situation is the cause . . ."); *Bridges v. Eastman Kodak Co.*, 850 F. Supp.216, 223 (S.D.N.Y. 1994) ("since plaintiffs seek to prove that they have suffered emotional distress as a result of sexual harassment . . . defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related.").

*Bujnicki v. American Paving & Excavating, Inc.*, No. 99-CV-646, 2004 WL 1071736, at

*18 (W.D.N.Y. Feb. 25, 2004).  Accordingly, plaintiffs must provide authorizations for

defendants to obtain medical records, including records relating to treatment for emotional distress, mental anguish or other psychological injuries which was provided between 2002, *to wit*, two years prior to defendant Flanagan becoming Joseph Julicher's direct supervisor, and the present.  Defendants shall be required to sign a confidentiality order with respect to plaintiffs' health care information and to the extent that this information is relevant to any future motions which may be filed, *to wit*, motions for summary judgment or motions *in limine*, the records shall be filed under seal upon application to the Court.

Document Request No. 2

Document Request No. 2 seeks documents showing income earned or received by plaintiffs from October 1, 2005 to the present.  In response to defendants' second motion to compel, plaintiffs produced their 2006 and 2007 tax returns and supporting documentation.  Defendants argue that this information is incomplete.  The Court agrees.  Plaintiffs shall supplement this document request.

Document Request No. 15

Document Request No. 15 seeks "documents constituting or reflecting Plaintiffs' fee agreement with counsel in this matter."  Dkt. #29, ¶ 44.  Plaintiffs object to this request as irrelevant and violative of the attorney-client and/or work product privilege.  Dkt. #29, ¶ 45.  Defendants argue that the information is discoverable because plaintiffs seek recovery of attorney's fees.  Dkt. #31, p.7.  However, attorney's fees are recoverable pursuant to 42 U.S.C. § 1983 based upon the district court's

determination of a reasonable fee, not upon any agreement between the plaintiff and his or her attorney.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008).  Accordingly, this discovery request is not relevant.

Document Request No. 16

Document Request No. 16 seeks documents concerning any criminal charges and/or proceedings initiated against either Joseph Julicher or Amy Julicher since October 1, 2005.  Joseph Julicher was charged with harassment on October 6, 2005 in Buffalo City Court and Harassment, Reckless Endangerment, and Menacing on August 9, 2005 in the Erie County Integrated Domestic Violence Court.  Dkt. #29, ¶ 37.

In a supplemental response to this document request, plaintiffs state that they "are not in possession of any documents reflecting or otherwise concerning the criminal charges and/or proceedings commenced against Plaintiff Joseph Julicher . . . but are in the process of attempting to acquire same."  Dkt. #29, ¶ 51.  In response to defendants' second motion to compel, plaintiffs state that they will produce these documents once they acquire them, "subject to this Court's determination as to the propriety of this request."  Dkt. #29, ¶ 53.  As these documents are relevant to defendants' termination of plaintiff Joseph Julicher and plaintiff Amy Julicher's claim for loss of consortium, defendants shall produce the requested documents.

Attorney's Fees

Defendants seek attorney's fees associated with making this second motion to compel.  Dkt. #31, p.8.  Plaintiffs respond that the request for attorney's fees should be denied because of the dispute as to the propriety of defendants' discovery demands and plaintiffs' limited financial resources.  Dkt. #29, ¶¶ 55 & 57.

Fed. R. Civ. P. 37(a)(4)(A) provides, in relevant part, as follows:

If the motion [to compel disclosure or discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In the instant case, plaintiffs discovery responses were filed, without apparent justification, subsequent to the filing of a motion to compel by defendants. Moreover, plaintiffs' supplemental discovery responses were filed, again without apparent justification, subsequent to the filing of a second motion to compel by defendants.  Even after supplementing its discovery responses, the Court granted defendants' motion to compel in large part.  Thus, the Court finds it appropriate to award attorney's fees.  Moreover, the Court believes that the responsibility for failing to comply with the discovery demands in a timely fashion should be borne by counsel for

the plaintiffs.  Given the similarity of the second motion to compel to the original motion

to compel, the Court finds an award of $250 to be reasonable.


## **CONCLUSION**

For the foregoing reasons, defendants' motion to compel (Dkt. #26), is

granted in part and denied in part and plaintiffs' counsel is ordered to pay defendants

$250 as reasonable compensation for the costs of filing this second motion to compel.


**SO ORDERED.**


DATED:      Buffalo, New York
            September 24, 2008


                                    **  s. H. Kenneth Schroeder, Jr.  **
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**